IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RICHARD L. BASSFORD** | * | |
| **Petitioner** | * | |
| v | * | Civil Action No. PJM-14-212 |
| **BETTY JOHNSON, et al.** | * | |
| **Respondents** | * | |

***

## MEMORANDUM OPINION

On January 27, 2014, Petitioner Richard L. Bassford filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction and sentence for theft over $1,000 entered in the Circuit Court for St. Mary's County.[1] ECF 1.[2] Respondents filed an Answer. ECF 7. Petitioner has replied. ECF 8. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (Petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons to follow, the Petition will be denied and dismissed with prejudice.

### Background

#### State Court Proceedings

Petitioner Richard L. Bassford was charged in the Circuit Court for St. Mary's County with theft between $,1000 and $10,000 and related offenses. ECF 7-1, pp. 1-5. On July 8, 2011, he pled guilty to one count of theft between $1,000 and $10,000. ECF 7-2. The

---

[1] The Petition, received on January 27, 2014, is dated January 18, 2014, and is deemed filed on that date. The "mail box rule" applies to prisoner § 2254 motions. *Houston v. Lack*, 487 U.S. 266 (1988). An inmate's petition is timely if deposited in the prison's internal mailing system on or before the last day for filing. Rule 3 (d) *Rules Governing Section 2254 Proceedings*.

[2] Citation is to the Court's electronic docket.

remaining offenses were nolle prossed. ECF 7-1; 7-2. The parties and the court agreed to a sentence of eight years. ECF 7-2, pp. 3, 6.

A plea colloquy was conducted by the court. *Id*., pp. 4-9. Bassford stated he entered the plea to one count of theft between $1,000 and $10,000 and that he faced an eight year term of incarceration. *Id*., pp. 5-6. He acknowledged that he had discussed the elements of the offense with his defense counsel. *Id*, p. 9. He acknowledged the voluntariness of the plea and confirmed that he knowingly waived his rights to: a jury trial, confront witnesses, remain silent, and present a defense. *Id*., pp. 4-9. Bassford confirmed his satisfaction with his counsel's performance. He affirmed that he entered the plea voluntarily because it was in his best interest and that he understood the terms of the agreement and that those terms were acceptable to him. *Id*., pp. 8-9.

> In support of the plea, the State recited the following facts into the record:
>
> Your Honor, on Saturday, November 27, 2010, Trooper Weisemann of the Maryland State Police responded to the parking lot of Big Lots here in Lexington Park, St. Mary's County, Maryland.
>
> When he arrived on the scene, he made contact with witness Lawrence Carter, who stated that he was in the parking lot when he observed two males enter the back of a white van in the parking lot and remove a paint sprayer from the back of that vehicle. They then took the paint sprayer and moved it behind the wall at the end of the parking lot, and they left his sight.
>
> Mr. Carter was concerned with the activity that he was seeing, and so he contacted the sheriff's office. He would be able to identify the men who took the paint sprayer as the defendant here today, Mr. Bassford, and his codefendant, Mr. Nelson.
>
> Contact was made with one of the owners of the vehicle, Miss Courtney Raley. She advised that the paint sprayer was in the back of her van; that obviously the paint sprayer was not there anymore; she had not given anyone permission to take it; and that the paint sprayer's value was approximately $2,000.
>
> Mr. Nelson made a statement to law enforcement authorities indicating that he and Mr. Bassford took the paint sprayer and removed it because Mr. Bassford was owed money by the Raleys for some work they had done. Mr.

> Bassford gave a statement to the police that later turned out to be fictitious.
>
> All events occurred in St. Mary's County.
>
> THE COURT: And the value of that paint sprayer?
>
> THE STATE: $2,000, your Honor.
>
> THE COURT: Madam, is that basically - - . . . what took place?
>
> DEFENSE COUNSEL: For the purposes of the plea no - - . . . additions or corrections.
>
> THE COURT: Fulfills the nature and elements of the crime?
>
> DEFENSE COUNSEL: Yes, sir.
>
> THE COURT: Mr. Bassford, do you agree?
>
> MR. BASSFORD: I do agree.
>
> THE COURT: The Court does find there is a factual basis for your plea. The facts do show you are guilty beyond a reasonable doubt. You are clearly represented by competent counsel. Your plea has been given freely and voluntarily, with a clear understanding of the possible consequences of the waiver of the appropriate constitutional rights.

*Id*. pp. 10-12.

On August 19, 2011, Bassford was sentenced to the agreed upon eight year term of incarceration. ECF 7-2, p. 8. He did not file an application for leave to appeal. ECF 7-1. His judgment became final for direct appeal purposes on September 18, 2011, when the time for seeking appellate review expired. *See* Md. Rule 8-204(b) (application for leave to appeal be filed within 30 days of entry of judgment or order from which appeal is sought.)

Bassford instituted state post-conviction proceedings on February 23, 2012. He raised the following claims: (1) plea counsel was ineffective for failing to challenge the stated value of the paint sprayer; and (2) the court and counsel failed to advise him of his appellate rights. ECF 7-3; ECF 7-4.

A hearing on Bassford's post-conviction petition was held on April 24, 2013, in the Circuit Court for St. Mary's County. ECF 7-1; ECF 7-4. In a memorandum opinion and ordered entered May 24, 2013, post-conviction relief was denied. ECF 7-4.

Bassford filed an application for leave to appeal the denial of post-conviction relief asserting the following claims: (A) trial counsel was ineffective for misleading him with respect to the value of the paint sprayer; and (B) the post-conviction judge (1) should have recused himself and (2) was biased against him. ECF 7-5. In an unreported opinion filed on January 15, 2014, the Court of Special Appeals summarily denied the application for leave to appeal; the mandate issued on February 18, 2014. ECF 7-6.

## Claims Raised in this Court

In the instant petition, Bassford asserts the following claims: (A) plea counsel was ineffective for providing misleading advice regarding the stolen paint sprayer; and (B) he was denied due process of law when the Court of Special Appeals failed to issue an opinion explaining why his application for leave to appeal was denied. ECF 1, p. 6.

**Standard of Review**

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings" *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, __, 131 S.Ct. 1388, 1398 (2011) (internal quotation marks and citations omitted); *see also White v Woodall,* __ U.S.__, __, 134 S.Ct 1697, 1702 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 786-87 (2011) (state prisoner

must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id*. at 785 (internal quotation marks omitted).

Further under §2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude

that the state court decision was based on an unreasonable determination of the facts. *Id*. **"**[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly.*"  Renico v. Lett,* 559 U.S 766, 773, 130 S.Ct. 1855, 1862 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id*. at 379.

When a petitioner alleges a claim of ineffective assistance of counsel, he must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The second prong requires the Court to consider whether there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A strong presumption of adequacy attaches to counsel's conduct, so strong in fact that a petitioner alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. *Id*. at 696.

As the Supreme Court held in *Strickland v. Washington*, *supra*, "a state court conclusion that counsel rendered effective assistance of counsel is not a finding of fact binding on the federal court to the extent stated by [former] 28 U.S.C. § 2254(d)[ now § 2254(e)(1)]." *Id*. at

698. Rather, "although state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of § 2254[(e) (1)], . . . both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.* Federal habeas relief may not be granted on a claim of ineffective assistance of counsel where the state court denied the claim based on a reasonable application of the *Strickland* standard to the facts presented in the state court proceeding.

**Analysis**

Bassford's first claim alleging that his plea counsel was ineffective was rejected by the state post-conviction court. The post-conviction court noted that after the plea colloquy, during the recitation of facts in support of the plea, the State's Attorney noted that the paint sprayer's value was approximately $2,000. The Court specifically asked Bassford if he agreed to the statement of facts and he indicated his assent. ECF 7-2, p. 9. The state post-conviction court further noted that:

> Petitioner testified at the April 24 post conviction hearing that he was "almost 100% certain" the State could prove the value of over $1,000.00 for the paint sprayer because of Ms. McClernan's advice. He also testified that he "thought the State's Attorney had the information" and that he "never questioned [Ms. McClernan] about that at all." On cross-examination, Petitioner testified that he "did not present any evidence to Ms. McClernan as to the value of the property," despite having worked in the paint business for 10 years. Petitioner also testified that he did not advise Ms. McClernan of his extensive experience in painting, but only "kinda maybe mentioned [he] did some painting." In response to questions from the Court, Petitioner answered, "I never once questioned her. I always pled guilty in court."
>
> Petitioner indicated that he learned in prison from an unspecified source that a 15% depreciation rate for property is "bogus," and that that was the rate Ms. McClernan indicated would be used to calculate the value of the stolen paint sprayer. However, Ms. McClernan testified that the 15% depreciation notion is derived from the Internal Revenue Service, and that it was shared with Mr. Bassford as a possible defense strategy that he could use to challenge the value of the sprayer if that became an issue or if they went to trial. Mr. Bassford testified that the calculations he made using a 15% depreciation model placed the value of

      the stolen paint sprayer at $1,975.00, and that that was how he made his decision when he took the plea.

ECF 7-4, pp. 2-3.

      The post-conviction court then set forth the proper standard of review for ineffective assistance of counsel claims as articulated in *Strickland*. *Id*., p. 3. The post conviction court found that the evidence was clear from the transcript of the plea hearing and testimony offered at the post conviction hearing that Bassford was provided effective assistance of counsel and his plea was voluntary and intelligent. *Id*., pp. 3-4. The court noted that Bassford was facing the possibility of being indicted for two felony theft charges, rather than one, and the State had three witnesses who could identify him. The court further found that the advice to enter the plea was within the constitutional standard of reasonableness. *Id*., Ex. 4. Bassford failed to establish that the value of the paint sprayer was incorrect. Nor did he establish that the value of the sprayer was less than $1,000, the minimum amount necessary to effect the outcome of Bassford's case. Bassford failed to establish that he was misled by counsel nor has he demonstrated any other deficient conduct by counsel. The state court's denial of Bassford's ineffective assistance of counsel claim was based on a reasonable application of the *Strickland* standard to the facts of Bassford's case. The post-conviction court's findings survive scrutiny. Bassford states no basis for relief under 28 U.S.C. §2254(d).

      Bassford's claim regarding the Court of Special Appeal's summary denial of his application for leave to appeal is also without merit. Notwithstanding that this claim has not been properly exhausted in state court (ECF 1), the claim is not cognizable. To the extent Bassford claims the failure to issue a full opinion denying his application for leave to appeal was improper, violation of a state law or procedure, which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a

"fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)), *cert. denied*, 440 U. S. 937 (1979). Errors and irregularities in state post-conviction proceedings are generally not cognizable for federal habeas corpus relief. *See Macall v. Angelione*, 131 F. 3d 4442, 447-48 (4th Cir. 1997) (holding post conviction relief is not part of the criminal proceedings itself and is not constitutionally required). Importantly, federal habeas courts "look through" any state court's summary denial and evaluate the last reasoned state court decision rejecting the claim asserted. *See Brumfield v. Cain*, ___ U.S. ___, 135 S. Ct. 2269, 2276 (2015). Further, there is no evidence that Bassford was not provided all the process he was due. His application for leave to appeal the denial of post-conviction relief was reviewed by the Maryland Court of Special Appeals and rejected. Bassford's claim does not state a basis for relief under 28 U.S.C. §2254(d).

## Conclusion

Upon review of the Petition for Writ of Habeas Corpus, the response along with the exhibits submitted, as well as Bassford's reply, this Court determines that Bassford is not entitled to federal habeas relief. There is no basis upon which to find constitutional deficiencies in the state court proceedings, Bassford having failed to rebut the presumption of correctness of the findings of fact underlying the rejection of his grounds for post-conviction relief.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to

proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied.  *See* 28 U.S.C.§ 2253(c)(2).

    A separate order follows.

                                                            _____/s/_____
                                                   PETER J. MESSITTE
September 19, 2016                     UNITED STATES DISTRICT JUDGE